## FORTUNE v PURDY

Ohio Appeals, 5th Dist, Holmes Co.

Decided November 2, 1939.

Garver & Badger, Millersburg, for appellant.

Estill & Kuhn, Millersburg, for appellee.

## OPINION

By LEMERT, J.

This action was filed by appellant in the Common Pleas Court of Holmes county, Ohio, in February, 1937, to partition a house and lot in the village of Killbuck, Holmes County, Ohio, setting forth that the appellant, Alba Fortune owned one-half and the appellee, Reba Purdy, who was a sister of plaintiff, owned the other one-half of said property, having inherited the same from

W. E. Simmons, their father. Answer of Reba Purdy was filed denying claims of the plaintiff, setting forth that Elmo M. Estill was the qualified and acting administrator of the estate of Ellen Simmons, who died April 11, 1936; that Ellen Simmons owned the real estate, and that by reason of the title being in Ellen Simmons, said estate was subject to the funeral expenses, nursing and doctor bills in the sum of $615.32.

Reply was filed denying these claims. The case was tried before the Common Pleas Court July 19, 1938, and at the very outset we note that the appellee admitted that the title to the property in question was inherited from W. E. Simmons, who died in 1915, and held one-half by appellant and one-half by appellee, they being the daughters and only heirs of W. E. Simmons, deceased.

The question submitted to the court below, and the question for consideration in this court is, should the following bills of Ellen Simmons, deceased, be paid out of the property owned by W. E. Simmons during his life time, who died in 1915, and held by the two children, Alba Fortune and Reba Purdy. The bills are as follows:

Nellie O. Hill, 10 days nursing__$ 60.00
Ethel Denberger, nursing 10½
  nights _____ 63.00
Dr. Chas. G. Brown, medical at-
  tention _____ 72.00
Finefrock, Mansfield, burial ___ 420.32
                        ————
    Total _____$615.32

W. E. Simmons and Ellen Simmons were husband and wife and had two children, Alba Simmons and Reba Simmons, Alba Simmons later marrying R. L. Fortune and Reba Simmons later marrying W. W. Purdy. W. E. Simmons died in Coshocton County in 1915, leaving his widow and the two children, owning at that time the house and lot described in the petition, together with other property. The estate of W. E. Simmons was administered in Coshocton County, Ohio, Ellen Simmons, the widow living in the property described in the petition in which she had a dower interest and had personal household goods, personal property and money loaned out, as represented by a note signed by William Ducy and wife in the sum of $2,500.

After the two daughters were married, Mrs. Simmons spent some time with each of her daughters and rented the house at Killbuck a large portion of the time. Up until 1931, she spent much time with both daughters. After 1931, she spent more time with her daughter, Reba Purdy than she did with her daughter, Alba Fortune. She left Killbuck in November, 1935, and stayed with Reba Purdy from November, 1935, until April 11, 1936, when she died.

The note of $2,500 had been paid off prior to that time, with the exception of $930.00. A short time before Mrs. Simmons died she turned this note over to her daughter, Reba Purdy. From an examination of the records in this case we are informed that Reba Purdy knew that this note was transferred to her. She knew her mother had no other property after the transfer of this note. She ordered the doctors and the nurses. She wanted her mother to have a respectable funeral. She and her husband guaranteed all of these bills. She knew that her mother had no other property with which to pay these bills, except the balance due and remaining of the $2,500, to-wit: $930, which she received.

It is suggested that this case is similar to a case heard by the court in Ashland County, Ohio, of Truman v Truman, in the Common Pleas Court, dated May 16, 1936, and have to say that the facts in that case were not similar to the case at bar. In that case the deceased did not transfer in contemplation of death a short time before passing away more than sufficient assets to pay the expenses of last sickness and funeral expenses. Reba Purdy has held her undivided one-half interest in this real estate since 1915, having inherited the same from her father's estate. Under the facts and circumstances in this case, we think it would be unjust to subject appellant's interest to the payment of debts of last

sickness and funeral expenses of her mother, after she has held the same for more than twenty-one years as an inheritance from her father, W. E. Simmons, and whose estate had been administered and fully settled for at least twenty-one years.

The circumstances under which this note is claimed by the Purdy's and the refusing to pay her funeral expenses out of the same, such conduct between mother and daughter, especially when the mother was well advanced in years and is about to pass to her reward, should be scrutinized very closely. The bills created herein were without the knowledge, consent or approval of Alba Fortune, and were created either by Mrs. Simmons personally or by Reba Purdy, her daughter, and were fully guaranteed by that daughter. We are of the opinion that these bills should be paid by Reba Purdy out of $930 that she received from her mother.

Considerable argument is presented in this case concerning a constructive trust. Should a trust be constructed upon property belonging to Ellen Simmons that belonged to her husband twenty-one years? We think not.

It is contended by counsel for appellee that Ellen Simmons worked and helped to earn this property. When her husband died, there was an administrator appointed. She received her share of his estate and the $2,500 surplus funds that she loaned out, $930 of which was left of this same property that was also earned jointly by husband and wife before he died twenty-one years ago. Should she be permitted to give this away and make others pay her bills? The status of husband and wife in Ohio is statutory, if they owned their separate property. The rights to contract of husband and wife is statutory; the payment of debts of deceased is also statutory. Where a husband has been dead for twenty-one years he could not contract for any services for his wife. The property has passed to his two children, in whom the title and the fee has been for more than twenty-one years. It therefore follows that the finding and judgment of the Common

Pleas Court is reversed and judgment is rendered in favor of the appellant, disallowing said funeral bills and expenses of last sickness. Exceptions may be noted.

SHERICK, PJ. and MONTGOMERY, J., concur.